UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
M.M.M., on behalf of his minor child,)
  J.M.A., et al.,                   )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 18-1835 (PLF)
                                    )
JEFFERSON BEAUREGARD SESSIONS,      )
  III, Attorney General of the United States, )
  et al.,                           )
                                    )
            Defendants.             )
_____)

MEMORANDUM OPINION AND ORDER

Plaintiffs are six children who were forcibly separated from their parents shortly after crossing the United States border with Mexico. They bring this action by and through their parents and next friends under Rule 17(c) of the Federal Rules of Civil Procedure. Under the government's "zero-tolerance" policy adopted earlier this year, immigrant parents unlawfully entering the country were subject to criminal prosecution and separated from their children with whom they entered. During the period of separation, these plaintiffs were deemed "unaccompanied minors" and placed in removal proceedings, while their parents received expedited removal orders in separate removal proceedings. The families were later reunified by court order. See Ms. L. v. U.S. Immigration & Customs Enf't, No. 18-0428, 2018 WL 3129486 (S.D. Cal. June 26, 2018) (Sabraw, J.).

Plaintiffs filed their original complaint in Civil Action No. 18-1759 on July 27, 2018, asserting four causes of action: violation of the Due Process Clause of the Fifth

Amendment (Count I); petition for a writ of mandamus under 28 U.S.C. § 1361 (Count II); violation of the Administrative Procedure Act ("APA") under 5 U.S.C. § 706(2)(A) (Count III); and judicial review of defendants' expedited removal policy under 8 U.S.C. § 1252(e)(3) (Count IV). They sought relief on behalf of a class of non-citizen children who were separated from their parents shortly after entering the country.

On July 27, 2018, plaintiffs filed a motion for a temporary restraining order and preliminary injunction. The Court held a hearing on the motion on July 31, 2018, during which defendants orally moved to transfer venue to the Southern District of California for consideration of the claims together with the <u>Ms. L.</u> class action pending before Judge Dana M. Sabraw brought on behalf of separated parents, and two other actions brought on behalf of separated children. Following additional briefing on the issue of transfer, the Court granted defendants' motion to transfer venue on August 3, 2018. The Court severed and transferred the class action – Counts I, II, and III – to the Southern District of California. The Court retained jurisdiction over Count IV, over which the United States District Court for the District of Columbia has exclusive jurisdiction. <u>See</u> 8 U.S.C. § 1252(e)(3).

On August 8, 2018, plaintiffs filed an amended complaint in this action – Civil Action No. 18-1835 – asserting one cause of action under 8 U.S.C. § 1252(e)(3). Plaintiffs allege that defendants – various federal agencies and officials responsible for enforcing immigration laws – seek to remove them from the country without providing the separate asylum procedures guaranteed by the Immigration and Nationality Act, 8 U.S.C. § 1101 <u>et</u> <u>seq</u>., and the Due Process Clause of the Fifth Amendment to the Constitution, in violation of 8 U.S.C. § 1252(e)(3). <u>See</u> Amended Complaint ¶ 108 [Dkt. No. 31]. Plaintiffs ultimately seek, <u>inter</u> <u>alia</u>: (1) an order declaring that defendants' written policy of denying children the right to petition for

asylum in removal proceedings under Section 235 or Section 240 on the INA is unlawful under the Fifth Amendment, the INA, and the APA; (2) an order declaring that plaintiffs have a right to pursue their own asylum claims in removal proceedings under Section 240 with the assistance of a parent or guardian and a right to a credible fear interview under Section 235 with the assistance of a parent or guardian; and (3) a permanent injunction enjoining defendants' alleged policy.

On August 8, 2018, plaintiffs also filed a motion for a preliminary injunction [Dkt. No. 32] seeking to prohibit defendants from removing them without providing the asylum procedures to which they are entitled under the INA and the Due Process Clause. Following expedited briefing, the Court held a hearing on the motion on August 14, 2018.

Two days later, on August 16, 2018, Judge Sabraw issued an order which is binding on the parties in this case and addresses many of the same issues raised here. See M.M.M. v. Sessions, No. 18-1832 (S.D. Cal. August 16, 2018), ECF No. 55. Specifically, Judge Sabraw entered a temporary restraining order prohibiting defendants from removing reunified children and their parents pending a ruling on a separate motion for a preliminary injunction pending before him concerning the asylum procedures due to reunified children. See id. at 16. He set a status conference for August 24, 2018, at which plaintiffs' counsel in that action "should be prepared to address whether they wish to proceed with a request for a preliminary injunction, and counsel for both parties should be prepared to address how they wish to proceed on the issues of class certification and Plaintiffs' entitlement to asylum proceedings under §§ 235 or 240." Id. The order concludes by encouraging the parties to "meet and confer and propose a solution – one which follows the law, and is equitable and reflective of ordered governance." Id.

Today, August 17, 2018, at the Court's request, the parties in this action filed supplemental briefs [Dkt. Nos. 45 and 46] addressing the impact of Judge Sabraw's order on the

preliminary injunction motion pending before this Court. Having carefully reviewed the parties' submissions, Judge Sabraw's order, and the entire record in this case, the Court finds it appropriate to hold in abeyance plaintiffs' motion for a preliminary injunction until after the hearing before Judge Sabraw on August 24, 2018. As noted, his order temporarily restraining defendants from removing plaintiffs and their parents is binding on the parties in this case and addresses many of the same issues raised in the motion currently pending before this Court. This Court echoes Judge Sabraw in encouraging the parties to meet and confer and, if possible, propose a solution to the issues that plaintiffs have identified.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for a preliminary injunction [Dkt. No. 32] is HELD IN ABEYANCE until after the hearing before Judge Sabraw on August 24, 2018; it is

FURTHER ORDERED that the parties shall file in this Court copies of any written submissions filed before Judge Sabraw in advance of the August 24, 2018 hearing; and it is

FURTHER ORDERED that the parties shall submit a status report after the hearing before Judge Sabraw on August 24, 2018 at their earliest convenience, but in any event no later than 5:00 p.m. on August 27, 2018.

SO ORDERED.

DATE: August 17, 2018

/s/
PAUL L. FRIEDMAN
United States District Judge